UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARISA FIGUEROA-ORTIZ,<br>Plaintiff | : | No. 3:18-cv-00707 (VLB) |
| v. | : | |
| JEROME HOME,<br>Defendant. | : | NOVEMBER 5, 2019 |

**MEMORANDUM OF DECISION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 25]**

Before the Court is Defendant Jerome Home's ("Defendant") Motion for Summary Judgment. For the following reasons, Defendant's Motion for Summary Judgment is GRANTED.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of proving that no genuine factual disputes exist. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). This means that "although the court should review the record as a whole, it must disregard all evidence favorable

1

to the moving party that the jury is not required to believe."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000); *see Welch-Rubin v. Sandals Corp.*, No. 3:03-cv-00481, 2004 WL 2472280, at *4 (D. Conn. Oct. 20, 2004) ("At the summary judgment stage of the proceeding, [the moving party is] required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient.") (citing *Gottlieb*, 84 F.3d at 518); *Martinez v. Conn. State Library*, 817 F. Supp. 2d 28, 37 (D. Conn. 2011).  Put another way, "[i]f there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment must be denied."  *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315–16 (2d Cir. 2006) (internal quotation marks and citation omitted).

A party who opposes summary judgment "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible."  *Gottlieb v. Cnty of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).  Where there is no evidence upon which a jury could properly proceed to find a verdict for the party producing it and upon whom the onus of proof is imposed, such as where the evidence offered consists of conclusory assertions without further support in the record, summary judgment may lie. *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 726–27 (2d Cir. 2010).

## ANALYSIS

The Court grants Defendant's Motion for Summary Judgment first and foremost because at the time of her termination, Plaintiff Clarisa Figueroa-Ortiz ("Plaintiff") was not an "eligible employee" under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). This is so because the FMLA defines "eligible employee" as "an employee who has been employed for at least 12 months by the employer with respect to whom leave is request under section 2612 of this title; and for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). Plaintiff meets neither criteria: she was employed from July 2015 until April 2016, [ECF No. 1 at 2], a period of nine and ½ months, not 12, and she worked only 855.75 hours, not 1,250, during that time. [ECF No. 26-2 at 14]. Because of this Plaintiff was not "an eligible employee as that term is defined by the FMLA," [ECF No. 1 at 1-2], Plaintiff's conclusory allegations to the contrary notwithstanding.

Even if Plaintiff was an "eligible employee" under the FMLA, the Court would still grant Defendant's Motion for Summary Judgment. As to the interference claim, Plaintiff has not shown sufficient facts making it clear that she provided Defendant with evidence that her son suffered from a "serious health condition," a prerequisite for the grant of FMLA leave. 29 U.S.C. § 2611(11). Such evidence would consist of documentation showing that her son suffered from "an illness, injury, impairment, or physical or mental condition that involves" either "inpatient care in a hospital, hospice, or residential medical care facility," or "continuing treatment by a health care provider." *Id.* Here, all that is alleged is that "Plaintiff

3

requested FMLA leave in April 2016," with no further detail as to what documentation was provided indicating to Defendant that Plaintiff's son suffered from a "serious health condition." As to the retaliation claim, assuming without deciding that Plaintiff might be able make out a *prima facie* case for retaliation, Defendant clearly was entitled to terminate Plaintiff under the facts of the case, which included 22 absences from work, with seven being of the "no call/no show" variety, meaning that Plaintiff left Defendant hanging with no support or reason for the absence. In light of that, Defendant was more than entitled to terminate Plaintiff, especially considering that Defendant provided written notice to Plaintiff on more than one occasion that her absences were unacceptable and considering Defendant's "Absenteeism and Tardiness Policy," which states that "Shifts of no call/no show is grounds for termination," that corrective action might include verbal or written warning, probation, suspension, or termination, and that Defendant was not required to use the corrective actions chosen in any particular order. [ECF Nos. 26-5, 26-7].

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment as to all claims. The Clerk is directed to close this case.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: November 5, 2019